**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) | |
| ) | C. A. No. 26-10259 |
| ) | |
| Lograi Tuzolana ) | |
| ) | |
| Petitioner, ) | |
| ) | **MOTION FOR ATTORNEYS' FEES** |
| v. ) | **AND EXPENSES UNDER THE** |
| ) | **EQUAL ACCESS TO JUSTICE ACT** |
| PATRICIA HYDE, Field Office Director, ) | |
| U.S. Immigration and Customs Enforcement, ) | |
| Boston Field Office, ) | |
| TODD LYONS, Acting Director, ) | |
| U.S. Immigration and Customs Enforcement, and ) | |
| KRISTI NOEM, Secretary of U.S. ) | |
| Department of Homeland Security, ) | |
| ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

**INTRODUCTION**

Petitioner respectfully moves for an award of attorneys' fees and expenses pursuant to the

Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, following this Court's order granting

habeas relief and correcting Petitioner's unlawful immigration detention. Petitioner is the

prevailing party in this action, having obtained a merits-based judicial determination that

Respondents exceeded their statutory authority and detained Petitioner without constitutionally

sufficient process.

Petitioner has assigned any EAJA attorneys' fees to counsel. Consistent with *Astrue v.

Ratliff*, 560 U.S. 586 (2010), Petitioner requests that, following any required offset for federal

debts, the awarded fees be paid directly to counsel pursuant to that assignment. An award of

attorneys' fees and expenses is therefore warranted to effectuate EAJA's purpose of removing financial barriers to judicial review and ensuring that individuals are not forced to bear the cost of correcting unlawful government conduct.

## ARGUMENT

To recover attorneys' fees under the Equal Access to Justice Act, Petitioner must demonstrate:

- that the petitioning party is a prevailing party; 8 U.S.C. § 2412(d)(1)(A);

- that the pre-litigation and litigation positions of the government were not substantially justified; 28 U.S.C. § 2412(d)(1)(A), (d)(2)(D);

- that there are no special circumstances that would make an award unjust; 28 U.S.C. § 2412(d)(3);

- that the petitioning party has met the appropriate "net worth" requirements; 28 U.S.C. § 2412(d)(2)(B); and

- that the total amount of fees and costs sought along with an itemized account of time expended and rates charged; 28 U.S.C. § 2412(d)(1)(B).

Petitioner, Lograi Tuzolana, meets all of these statutory requirements to request fees under the EAJA.

**A. Petitioner meets the statutory requirements as the prevailing party in this action and as an individual whose net worth does not exceed $2,000,000.**

Petitioner's habeas corpus petition resulted in a judicial order for her release from immigration detention, dated January 23, 2026. *See* Order Granting Habeas Relief. The order unequivocally declares judgment in favor of Petitioner: "In the event Respondents choose to

pursue a bond hearing, they may not at the hearing argue that Petitioner is or should be detained pursuant to 8 U.S.C. 1225, nor may Petitioner be ordered detained pursuant to section 1225, and the burdens of proof at the hearing are as resolved by the First Circuit in Lara-Hernandez." *Id.* Accordingly, Petitioner's status as the prevailing party is not in question.

Additionally, Petitioner's net worth has never exceeded $2,000,000, per the requirement in 28 U.S.C. § 2412(d)(2)(B). *See* Declaration of Lograi Tuzolana, Ex. 1.

### B. The Government's position was not substantially justified.

The government's position in this case was not "substantially justified" within the meaning of the Equal Access to Justice Act. Under 28 U.S.C. § 2412(d)(1)(A), attorneys' fees must be awarded to a prevailing party unless the government demonstrates that its position had a reasonable basis in both law and fact. The burden rests squarely with the government to make that showing.

To meet its burden, the government must establish that both its pre-litigation conduct and its litigation position were substantially justified. 28 U.S.C. § 2412(d)(2)(D). A failure to justify either position requires an award of fees. Courts evaluate substantial justification under a "totality of the circumstances" standard, asking whether the government's position was justified "to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Here, the government cannot meet this demanding standard. As this Court held in granting habeas relief, the issues were substantially similar to prior cases resolved before this Court, all of which resulted in decisions contrary to the Government's position. The Government

conceded that their position was almost identical to the reasoning that had been rejected previously. *See* Order Granting Habeas Relief.

Respondents detained Petitioner without lawful statutory authority and without constitutionally sufficient procedures, relying on an interpretation of the immigration detention statutes that the Court rejected on the merits. The Court's order did not rest on a close or unsettled question of law; rather, it concluded that the government's position exceeded the bounds of the governing statutory framework and required judicial intervention to correct unlawful detention.

**1. The Government's pre-litigation position was not substantially justified.**

The government's pre-litigation position, namely, its decision to arrest and detain Petitioner under 8 U.S.C. § 1225(b) and to deny her any opportunity for individualized custody review, was not substantially justified. An agency's pre-litigation position is not substantially justified where it lacks a reasonable basis in law or fact, particularly where the agency acts in excess of its statutory authority or contrary to settled legal principles.

Here, prior to the initiation of this litigation, DHS and ICE detained Petitioner, an individual who had resided in the United States for years, as if she were a recent border entrant subject to mandatory detention under § 1225(b), when she self-reported for an ICE check-in. As the Court later held, that statutory provision does not authorize mandatory detention of long-term residents apprehended in the interior of the United States. The government's pre-litigation conduct thus rested on an interpretation of the INA that exceeded the statute's text, structure, and purpose, and ignored the fundamental distinction Congress drew between applicants for admission and noncitizens already present in the country.

As the habeas order in Ms. Tuzolana's case makes clear, the government's reliance on § 1225(b) to justify detention in these circumstances reflected an unlawful expansion of mandatory detention authority, not a close or debatable question of statutory interpretation. Where an agency's pre-litigation action is later held unlawful because it exceeded statutory authority and deprived an individual of liberty without due process, courts routinely conclude that the government's position was not substantially justified for EAJA purposes.

Accordingly, because the government's pre-litigation detention decision lacked a reasonable basis in law and resulted in unlawful confinement, it was not substantially justified under EAJA.

**2. The Government's litigation position was not substantially justified.**

The government's litigation position in this case was likewise not substantially justified. Even after Petitioner initiated this habeas action, Respondents continued to defend detention that the Court ultimately determined was unlawful, advancing arguments that lacked a reasonable basis in law and were squarely rejected on the merits. Where the government persists in defending an unlawful agency action and relies on arguments that are inconsistent with statutory text and binding precedent, its litigation position cannot be deemed substantially justified.

In opposing habeas relief, Respondents argued that this Court lacked jurisdiction and that Petitioner's detention was unreviewable, invoking statutory jurisdiction-stripping provisions and mandatory detention authority under 8 U.S.C. § 1225(b). The Court rejected those arguments, holding that habeas jurisdiction remained available to challenge unlawful detention and that the government's asserted detention authority exceeded the limits of the statute. The Court further concluded that Respondents' position would effectively insulate unlawful detention from judicial

review, an outcome inconsistent with the Suspension Clause and long-established habeas principles.

Courts routinely find that the government's litigation position is not substantially justified where the court rejects the government's arguments as inconsistent with statutory authority and constitutional requirements. *See, e.g.*, *Meza Morales v. Barr*, 973 F.3d 656, 667 (7th Cir. 2020); *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (government position not substantially justified where it "clearly violated established law"). That principle applies with full force here.

Because Respondents' litigation position lacked a reasonable basis in law, relied on statutory interpretations the Court rejected, and sought to shield unlawful detention from review, it was not substantially justified under EAJA.

**C. The fees and expenses sought are reasonable and an enhanced rate is warranted.**

The Equal Access to Justice Act states that EAJA fees are "based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The attorneys' fees sought in this matter are reasonable and justified under the Equal Access to Justice Act, based on appropriate cost of living adjustments and enhanced hourly rates reflecting the specialized nature of immigration habeas litigation and the limited availability of qualified counsel.

**1. The amount of recoverable fees under the EAJA should be adjusted relative to cost of living.**

Many courts calculate the cost of living adjustment (COLA) for inflation by using the Consumer Price Index for All Urban Consumers (CPI-U), published by the U.S. Bureau of Labor Statistics on a monthly basis. *See*, *e.g.*, *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 969 (D.C. Cir. 2004); *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001). However, courts in this jurisdiction repeatedly apply the more accurate local CPI-U that the U.S. Bureau of Labor Statistics releases for the Boston area. *See Conserva v. Kijakazi*, No. 22-cv-10205-AK, 2023 U.S. Dist. LEXIS 210611, at *6 (D. Mass. June 23, 2023) ("Where, as here, the Court determines that a cost-of-living adjustment is warranted, however, it is calculated by 'multiplying the $125 statutory rate by the Boston area annual average consumer price index figure for all urban consumers ("CPI-U") for the years in which counsel's work was performed, and then dividing by the Boston area CPI-U figure for March 1996, the effective date of EAJA's $125 statutory rate.'"). *See also*, *Castañeda-Castillo v. Holder*, 723 F.3d 48, 76 (1st Cir. 2013).

Calculating EAJA attorneys' fees adjusted for cost of living using this formula results in an hourly rate of $267.46. *See* Declaration of Attorney Robin Nice, Ex. 2. However, undersigned counsel asserts that an additional enhancement is warranted because the litigation required highly specialized immigration habeas expertise, there are a limited number of attorneys with this expertise, and the market rate for immigration habeas petition legal work is much higher than the adjusted rate.

**2. The EAJA fees should be calculated at an enhanced hourly rate.**

First Circuit case law addresses when to enhance EAJA fees:

The statutory cap is, broadly speaking, designed to hold down the government's costs by providing modest compensation, with exceptions. As construed in *Pierce*, the main exception arises where "some distinctive knowledge or specialized skill [is] *needful* for the litigation in question," *Pierce*, 487 U.S. at 572  (emphasis added), and because of the "limited availability of qualified attorneys," 28 U.S.C. § 2412(d)(2)(A), it is necessary to pay more than $ 125 to obtain attorneys with that

> skill or knowledge. So read, the statute does not assign extra compensation by "fields" but by asking the practical question whether in the case at hand lawyers qualified to handle the case can be found for $ 125 or less.

*Atl. Fish Spotters Ass'n v. Daley*, 205 F.3d 488, 491-92 (1st Cir. 2000). Here, Petitioner's case was entirely fixed on nuances of habeas corpus law in the immigration context, and on complex statutory interpretations of 8 U.S.C. § 1225(b) and 8 U.S.C. § 1226(a). In the Boston area, an immigration attorney with federal habeas corpus experience and the ability to litigate a petition regarding competing constructions of 8 U.S.C. § 1225(b) and 8 U.S.C. § 1226(a) cannot be retained at a rate of $125 or less. Rather, the market rate for an attorney qualified to handle such a case is at least $300 an hour. *See* Attorney Declarations Regarding the Market Rate of Representation, Ex. 4.

I.   <u>This case required highly specialized immigration habeas expertise.</u>

This case was a federal habeas corpus challenge to unlawful immigration detention, implicating complex and unsettled questions of statutory interpretation, constitutional law, and federal jurisdiction, including the scope of detention authority under 8 U.S.C. § 1225(b). Effective representation requires far more than general immigration experience, instead necessitating specialized expertise in immigration habeas litigation, an area of practice that is narrow, technical, and rapidly evolving.

Attorney Robin Nice has thirteen years of experience practicing immigration law, with extensive experience representing clients applying for humanitarian forms of relief and in removal defense. Her background includes representing detained noncitizens in high-stakes habeas proceedings where liberty interests are directly at issue, and expedited litigation is required. *See* Declaration of Attorney Robin Nice, Ex. 2. Attorney Nice's expertise was critical to identifying the statutory defects in the government's detention theory and to successfully litigating this matter.

II.     Attorneys qualified to litigate immigration habeas cases are limited in number.

Courts recognize that enhanced EAJA rates are appropriate where the litigation requires distinctive knowledge or specialized skill not widely available. *See Pierce v. Underwood*, 487 U.S. 552, 572 (1988). Immigration habeas litigation represents such a field. Only a small subset of immigration attorneys have experience litigating federal habeas cases challenging detention authority, particularly under § 1225(b). The limited availability of qualified counsel is further exacerbated by the urgency of detention cases, which require immediate and sustained attention. Accordingly, undersigned counsel asserts that enhanced fees, at an hourly attorney rate of $300, and an hourly law clerk rate of $150 are appropriate.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court grant this Motion for Attorneys' Fees and Expenses under the Equal Access to Justice Act. Petitioner is a prevailing party, the government's position was not substantially justified, and no special circumstances exist that would render an award unjust. The requested fees and expenses are reasonable and warranted by the specialized nature of this litigation, the limited availability of qualified counsel to litigate immigration habeas cases, and the substantial liberty interests at stake.

Accordingly, Petitioner requests that the Court award attorneys' fees in the amount of $2,030, representing the habeas filing fee, 2 hours of reasonably expended attorney time, and 9.5 hours of law clerk time at enhanced rates, along with fees for any time spent preparing a reply brief if the government opposes this motion. *See* Statement of Total Amount of Fees and Costs, Ex. 5. Petitioner seeks an order of payment consistent with the EAJA, applicable Treasury offset requirements, and Petitioner's valid fee assignment to counsel.

Respectfully Submitted,

February 20, 2026                    PETITIONER LOGRAI TUZOLANA,


By her Attorney,

Robin N. Nice

McHaffey & Nice, LLC
Beacon Street, Suite 720
Boston, MA  02108
617-702-8921 (phone)

## INDEX OF EXHIBITS

| Exhibit No. | Document: |
|:---:|---|
| 1 | Declaration of Lograi Tuzolana |
| 2 | Declaration of Attorney Robin Nice<br>*With Accompanying Time Recording* |
| 3 | Consumer Price Index data for the Boston Area,<br>*Used in the Calculation of the Requested Hourly Rate* |
| 4 | Attorney Declarations Regarding the Market Rate of Representation |
| 5 | Statement of Total Amount of Fees and Costs |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non registered participants on Feb. 20, 2026.


_____/s/ Robin Nice

Robin Nice