UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LOGRAI TUZOLANA, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil No. 26-10259-LTS |
| PATRICIA HYDE et al., | ) | |
| Respondents. | ) | |

MEMORANDUM AND ORDER ON MOTION FOR ATTORNEYS' FEES (DOC. NO. 11)

June 25, 2026

SOROKIN, J.

Lograi Tuzolana, the petitioner in this habeas action, seeks an award of attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. No. 11. The respondents oppose Tuzolana's motion, Doc. No. 16, and Tuzolana has replied to their arguments, Doc. No. 19. For the reasons that follow, Tuzolana's motion is ALLOWED.

I.    BACKGROUND

A citizen of Angola, Tuzolana came to the United States seeking asylum in September 2022. Doc. No. 1 ¶ 1. From the time of her arrival until the start of this year, Tuzolana was supervised by Immigration and Customs Enforcement ("ICE") in Massachusetts. Id. ¶¶ 2–3. She has no criminal record, and her timely asylum application remains pending. Id. ¶ 5. On January 21, 2026, when Tuzolana reported to ICE for a routine check-in, she was detained without advance notice. Id. ¶ 3. She contacted her pastor later that night from the Burlington Field Office, and her counsel filed a habeas petition on her behalf the next day. Id. ¶ 4.

The respondents answered the petition on January 23, 2026, submitting an abbreviated memorandum that conceded Tuzolana's claim was similar to those presented by other petitioners this Court had recently granted relief, and that "the same result" would apply here if the Court adhered to its reasoning.  Doc. No. 7.  The abbreviated response in no way disputed or supplemented the facts alleged by Tuzolana.  Id.

After reviewing the petition and the response, the Court promptly allowed Tuzolana's petition.  Doc. No. 8.  As relief, the Court ordered the respondents to release Tuzolana "immediately," because ICE lacks "an appropriate immigration-detention facility for women in Massachusetts."  Id.  The Court specified, however, that its grant of relief was "without prejudice to [the respondents] scheduling a bond hearing" before an immigration judge by January 31, 2026.  Id.  In a status report filed shortly after that deadline had passed, the respondents confirmed that Tuzolana had been released as directed, and that ICE "did not seek to re-detain [her] via a bond hearing."  Doc. No. 9.  Judgment entered on February 2, 2026.  Doc. No. 10.

In the wake of these events, Tuzolana filed a motion pursuant to the EAJA seeking an award of attorneys' fees and costs.  Doc. No. 11.  The motion was supported by declarations from Tuzolana and her counsel, an itemized statement of work performed by counsel and her law clerk on this case, data and a declaration from another immigration attorney supporting the hourly rate claimed by counsel, and a calculation of the total fees and costs requested at the time the motion was filed ($2,030).  Doc. Nos. 11-1 to -5.

The respondents opposed Tuzolana's motion, advancing three objections.  First, they urged that immigration habeas matters are not "civil actions" within the scope of the EAJA. Doc. No. 16 at 4–8.  Second, the respondents argued that their positions in this action were "substantially justified," such that an award of fees is not appropriate.  Id. at 8–13.  Finally, they

suggested that, in the event their first two arguments do not prevail, the Court should reduce the hourly rate attributable to counsel's law clerk.  Id. at 14.

Tuzolana responded to each of the respondents' challenges in her reply brief, Doc. No. 19, including by offering further exhibits supporting the rate claimed for the law clerk, Doc. No. 19-1, -2.  She also updated the amount of fees and costs sought, submitting billing records to account for the time spent preparing the reply brief.  Doc. No. 19 at 13; see Doc. No. 19-3 (documenting $1,800 in additional fees).  The respondents did not seek leave to file a surreply or otherwise address the updated fee request conveyed in the reply.

II.    LEGAL STANDARD

Pursuant to the EAJA:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The same statute goes on to specify:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application which shows . . . the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

§ 2412(d)(1)(B).

The EAJA is an exception to the general rule that "each party is . . . required to bear its own attorneys' fees."  Castañeda-Castillo v. Holder, 723 F.3d 48, 56 (1st Cir. 2013).  It is "strictly construed in favor of the government," because "it effectively amounts to a partial waiver of sovereign immunity by the United States."  Id. at 57.  From the statutory text, the First Circuit has derived four prerequisites to securing an EAJA award: 1) "prevailing party" status in a "civil action"; 2) a timely request for fees; 3) that the government's position in the action "was

3

not substantially justified," and 4) the absence of "special circumstances" that would "make an award against the government unjust." Id.

Only two of the four conditions are at issue here.  The Court addresses them in turn.

III.    DISCUSSION

The respondents have waived certain arguments opposing the pending motion, and each would have been meritless in any event.  For example, the respondents do not contest the timeliness of Tuzolana's fee motion, nor could they.  It was filed within thirty days of this Court's judgment, which the respondents did not appeal.[1]  They identify no circumstances that would render a fee award unjust here, and the Court can conceive of none on the record before it.  Nor do the respondents dispute that Tuzolana has "prevailed" in this action.  She plainly did.  Indeed, were it not for her petition, and this Court's ordered relief, Tuzolana would not have been released from detention.  As the Court will explain, the arguments the respondents have advanced fare no better than those they have waived.

First, for reasons the Third Circuit has explained in detail in an opinion this Court has "agree[d] with and adopt[ed] . . . in its entirety" in prior cases, "the EAJA unambiguously applies to habeas challenges to immigration detention under 28 U.S.C. § 2241."  Peruano v. Wesling, No. 26-cv-10300-LTS, 2026 WL 1413758, at *12 & n.18 (D. Mass. May 20, 2026) (quoting and adopting Michelin v. Warden, Moshannon Valley Corr. Ctr., 169 F.4th 418, 421–33, 435–36 (3d Cir. 2026)); see also Order at 6 & n.4, Ajbal v. Wesling, No. 26-cv-10190-LTS (D. Mass. Mar. 27, 2026), ECF No. 27; Order at 3 n.1, Ribeiro v. Wesling, No. 25-cv-13887-LTS (D. Mass. June 5, 2026), ECF No. 22; Order at 3 n.1, Lopes v. Hyde, No. 25-cv-14017-LTS (D. Mass. June 5,

---

[1] Because judgment entered in February and the respondents have not appealed, the judgment is now final.  See Fed. R. App. P. 4(a)(1)(B).  The EAJA does not permit a fee award before final judgment, though a party seeking such an award is not foreclosed from receiving one by virtue of submitting their request prematurely.  See Melkonyan v. Sullivan, 501 U.S. 89, 103 (1991).

4

2026), ECF No. 17.  Other sessions of this Court have likewise rejected the government's

attempt to narrow the meaning of "any civil action" in the EAJA, concluding instead that its

plain meaning reaches civil lawsuits brought pursuant to § 2241 that challenge civil immigration

detention.  E.g., Ndongala v. Wesling, No. 26-cv-10194-ADB, 2026 WL 1534981, at *1 (D.

Mass. June 1, 2026); Orrego v. Hyde, No. 26-cv-10260-BEM, 2026 WL 1480362, at *2 (D.

Mass. May 27, 2026).  Nothing in the respondents' submissions in this case provides reason to

revisit, let alone revise, the Court's conclusion that immigration habeas petitions are "civil

actions" within the meaning of the EAJA.

Second, the respondents bear the burden to establish that their position in this matter was

"substantially justified," meaning it had a "reasonable basis in . . . law."  Castañeda-Castillo, 723

F.3d at 73.  They have not met that burden here.  On the record before the Court, there is no

substantial justification for the respondents' decision to arrest and detain Tuzolana in the first

instance, nor for their (half-hearted) defense of her detention in response to her habeas petition.

By the time the respondents detained Tuzolana, they understood that District Judges throughout

the First Circuit had repeatedly and (as far as the Court is aware) uniformly rejected the view that

the relevant immigration-detention statutes supported treating a noncitizen in Tuzolana's position

as a person subject to automatic, mandatory detention without bond.  See Ndongala, 2026 WL

1534981, at *3 (citing "flood of decisions in this District and beyond . . . repeatedly reject[ing]"

position invoked by government to justify detention and opposition to habeas petition as

establishing that "reasonable person could not think" government's recently adopted position

"was correct"); cf. Doc. No. 16 at 13 (conceding that "each session of this Court to address the

issue has" rejected government's position in "circumstances similar to this case"); Orrego, 2026

WL 1480362, at *3 (finding it "strain[s] logic" to submit abbreviated response conceding case is

"directly parallel" to others in which detention without bond hearing was deemed unlawful but then claim opposition to petition "was substantially justified").

There also existed precedent concerning the detention of noncitizens in Tuzolana's position that established "categorical due process requirements" the respondents were not free to treat as "effectively inconsequential to [their] immigration enforcement program within the First Circuit." Bernardo-Rodrigues v. Hyde, No. 25-cv-00553, 2026 WL 370863, at *3–4 (D. Me. Feb. 10, 2026) (discussing Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021)).  This legal landscape powerfully undermines any justification the respondents offer for their insistence that it was reasonable to treat Tuzolana as though she were subject to mandatory detention when she showed up for a scheduled check-in with ICE.  Moreover, the respondents have never cited any change in circumstances that warranted revisiting Tuzolana's custody status in January 2026, for example, by suggesting she posed a flight risk or danger to the community due to recent criminal charges or a failure to comply with conditions governing her years-long supervision by ICE.  Though permitted by this Court's order, the respondents did not even seek a bond hearing in order to advocate for Tuzolana's detention or a requirement that she post bond.  Against this backdrop, the respondents' position in this case was substantially unjustified at every turn.

Thus, Tuzolana is entitled to an award of fees and costs.  The only remaining question is the amount.  The respondents have not objected to the hours spent or the rate proposed for the work of Tuzolana's lead counsel.  Their objection to the hourly rate sought for the work of counsel's law clerk, seeking a reduction from $150 to $100 per hour, is OVERRULED. Enlisting the efficient assistance of a lower-cost colleague is sensible, and the submissions accompanying Tuzolana's reply establish the reasonableness of the claimed rate for the law clerk's work in this context.  See Doc. Nos. 19-1, -2.

IV.    CONCLUSION

In sum, this is a civil action, Tuzolana is a prevailing party, and the respondents' position was not substantially justified.  The record supports the reasonableness of the entire amount of fees and costs Tuzolana seeks.  Accordingly, her EAJA motion (Doc. No. 11) is ALLOWED. By July 24, 2026, the respondents shall pay to Tuzolana's counsel fees and costs in the amount of $3,830.  The respondents shall file a status report confirming compliance with this Order by the earlier of July 29, 2026, or within three days of making the required payment.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge