UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOGRAI TUZOLANA,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, *et al.*,<br><br>Respondents. | No. 1:26-cv-10259-LTS |

**RESPONDENTS' UNOPPOSED MOTION TO STAY ORDER REQUIRING
PAYMENT OF ATTORNEY'S FEES AND COSTS PENDING APPEAL**

Pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A), Respondents respectfully request that the Court stay its Order requiring payment of attorney's fees and costs under the Equal Access to Justice Act ("EAJA") pending appeal.  Doc. No. 20.  Petitioner Lograi Tuzolana does not oppose the relief requested in this motion.  In support of this motion, Respondents state:

1.      On January 23, 2026, the Court allowed Petitioner's habeas petition and ordered Petitioner's release.  Doc. No. 8.  U.S. Immigration and Customs Enforcement released Petitioner from detention the same day.  Doc. No. 9 at 1.

2.      On June 25, 2026, the Court allowed Petitioner's motion for fees and costs under EAJA, and ordered that Respondents pay $3,830 in fees and costs by July 24, 2026.  Doc. No. 20 at 7.

3.       On July 23, 2026, Respondents filed an assented-to motion for an extension of time to process payment of the ordered fees and costs.  Doc. No. 22.  The Court allowed Respondents' motion such that the current deadline to pay the fees and costs is August 24, 2026.  Doc. No. 23.

4.      Respondents now intend to appeal the Court's Order requiring payment of fees and costs.  Doc. No. 20.  Any notice of appeal is due by August 24, 2026.  Fed. R. App. P. 4(a)(1)(B).

5.      Separately, the Supreme Court has granted certiorari in *Montoya Palacios v. Liggins*.  *Montoya Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057, at *1 (S. Ct. June 29, 2026).  The issue in *Montoya Palacios* is whether, under EAJA, the phrase "any civil action," 28 U.S.C. § 2412(d)(1)(A), encompasses habeas petitions challenging immigration detention. Pet. for a Writ of Certiorari, *Palacios v. Bacon*, No. 25-1223, 2026 WL 1169545, at *i (S. Ct. Apr. 20, 2026).

6.      Respondents maintain that Petitioner is not eligible for attorney's fees because habeas proceedings are not encompassed within the EAJA phrase "any civil action."  *See Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023); *Obando-Segura v. Garland*, 999 F.3d 190, 197 (4th Cir. 2021); *but see Vacchio v. Ashcroft*, 404 F.3d 663, 668 (2d Cir. 2005); *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 432 (3d Cir. 2026), *rehearing en banc denied*, 169 F.4th 160 (3d Cir. 2026); *Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025).

7.       Since this case presents the same issue as *Montoya Palacios*, Respondents respectfully request that the Court stay its Order requiring payment of attorney's fees and costs (Doc. No. 20) pending Respondents' appeal of that Order.

8.      "In determining whether to grant a stay pending appeal, courts consider the following factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"  *Taylor v. McDermott*, No. 20-cv-11272-IT,

2021 WL 330053, at *1 (D. Mass. Feb. 1, 2021) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)).

9.      "The first two factors—likelihood of success and irreparable harm—are 'the most critical[.]'" *Id*. (quoting *Nken*, 556 U.S. at 434–35).  And the "first prong of this test"—likelihood of success on appeal—"has not been interpreted or applied literally, even by the Courts of Appeals." *Republic Maximal LLC v. Romulus Capital Partners II, LLC*, 754 F. Supp. 3d 264, 271 (D. Mass. 2024) (quoting *Canterbury Liquors & Pantry v. Sullivan*, 999 F. Supp. 144, 149 (D. Mass. 1998)).  Instead, when a "request for a stay is made to a district court, common sense dictates that the moving party need not persuade the court that it is likely to be reversed on appeal[,]" but rather "must only establish that the appeal raises serious and difficult questions of law in an area where the law is somewhat unclear." *Id*. at 272 (quoting *Canterbury Liquors & Pantry*, 999 F. Supp. at 150).

10.      Here, the first prong of the test for a stay is satisfied because Respondents' appeal of the Court's EAJA decision "raises serious and difficult questions of law in an area where the law is somewhat unclear." *Id*.  The Court ordered EAJA fees over Respondents' objection that Petitioner's habeas litigation is not a "civil action" under EAJA.  Doc. No. 20 at 4–5.  That issue has split the courts of appeal, *supra* ¶ 5, and the Supreme Court has decided to review the issue in *Montoya Palacios*, with briefing beginning at the end of this month.  A Supreme Court decision favorable to the government in *Montoya Palacios* would undermine the Court's Order granting EAJA fees in this case.

11.      Moreover, Respondents would suffer irreparable injury if required to pay fees and costs under EAJA only to have the Supreme Court preclude such fees and costs in *Montoya*

*Palacios. Cf. Dep't of Educ. v. California*, 604 U.S. 650, 651–52 (2025).[1]  And a stay would not substantially prejudice Petitioner because Petitioner's counsel will receive payment of fees and costs if Respondents' appellate proceedings are unsuccessful.  Accordingly, the "public interest" also favors a stay here.

WHEREFORE, Respondents respectfully move for this Court to stay its Order requiring payment of attorney's fees and costs (Doc. No. 20) pending Respondents' appeal of that Order.

Dated: August 12, 2026

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    */s/ Julian N. Canzoneri*
Julian N. Canzoneri
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3170
julian.canzoneri@usdoj.gov

## LOCAL RULE 7.1 CERTIFICATION

I, Julian N. Canzoneri, hereby certify that I conferred with opposing counsel who does not oppose the relief requested in this motion.

Dated: August 12, 2026       By:    */s/ Julian N. Canzoneri*
Julian N. Canzoneri
Assistant United States Attorney

---

[1] *But see Nken*, 556 U.S. at 434-35 ("[S]imply showing some possibility of irreparable injury fails to satisfy the second factor." (internal quotations and citations omitted)).

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true copy of the above document was served upon the attorneys of record by means of the Court's Electronic Case Filing system on August 12, 2026.

*/s/ Julian N. Canzoneri*
Julian N. Canzoneri
Assistant U.S. Attorney
